

# In the United States Court of Federal Claims

No. 16-507C

(Filed: July 12, 2016)

**FILED**

JUL 1 2 2016

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| ARTHUR RAY ROBINSON, ) ) Plaintiff, ) ) v. ) ) THE UNITED STATES, ) ) Defendant. ) | Pro Se Complaint; Dismissal for Lack of Subject Matter Jurisdiction; Claim for constitutional violations; Not in Interest of Justice to Transfer Under 28 U.S.C. § 1631. |

Arthur R. Robinson, Angola, LA, pro se.

## ORDER

I.  Background

On April 25, 2016, Mr. Arthur Ray Robinson filed suit against officials within the David Wade Correctional Center, the prison in which he currently is serving time. Compl. 1, 5, 7, 11, ECF No. 1. Mr. Robinson alleges that as a condition of his confinement, he is exposed to second hand smoke, and that exposure is a violation of his Eighth Amendment rights. Id.

After filing suit, Mr. Robinson moved for leave to proceed in forma pauperis. Forma Pauperis 1, ECF Nos. 4, 6, 7. The court granted that motion on June 28, 2016. Order, ECF No. 8.

The matter is now ripe for a ruling.

II. Legal Standards

Plaintiff bears the burden of establishing that the court has subject matter jurisdiction over his case. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Riles v. United States, 93 Fed. Cl. 163, 165 (2010). The burden is one of preponderant evidence. Riles, 93 Fed. Cl. at 165.

1

USPS TRACKING # 9114 9011 8986 6061 4450 72
& CUSTOMER   For Tracking or Inquiries go to USPS.com
RECEIPT      or call 1-800-222-1811.

Plaintiff need only make, in his complaint, "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1)-(2). The factual allegations need not be detailed, but they must "raise a right to relief above the speculative level" and offer more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Coleman v. United States, 116 Fed. Cl. 461, 468 (2014) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). When evaluating subject matter jurisdiction, the court will accept the complaint's undisputed allegations as true and will construe the complaint in a manner favorable to the plaintiff. Coleman, 116 Fed. Cl. at 468.

"[A] pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney. Riles, 93 Fed. Cl. at 165 (citing Hughes v. Rowe, 449 U.S. 5, 9 (1980) and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). Nevertheless, a pro se plaintiff bears the same burden of establishing the Court's jurisdiction by a preponderance of the evidence." Id.

The jurisdiction of the United States Court of Federal Claims is defined by the Tucker Act. According to the Tucker Act:

> United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As a jurisdictional statute, the Tucker Act "does not create any substantive right[s] enforceable against the United States for money damages." Mendiola v. United States, 124 Fed. Cl. 684, 687 (2016) (quoting United States v. Testan, 424 U.S. 392, 398 (1976)). Thus, a plaintiff seeking to bring a claim in the court must identify a substantive right in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Mendiola, 124 Fed. Cl. at 687 (quoting Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc) (reasoning that the Tucker Act serves as a waiver of sovereign immunity for claims against the United States not sounding in tort that are founded upon the Constitution, a federal statute or regulation, or an express or implied contract with the United States)).

The court does not have jurisdiction to hear claims "naming states, localities, state government agencies, local government agencies and private individuals and entities as defendants." Reid v. United States, 95 Fed. Cl. 243, 248 (2010). Moreover, the limited

2

jurisdiction of this court "expressly excludes tort claims, including those committed by federal officials." Brown v. United States, 88 Fed. Cl. 322, 328 (2009).

The court is "obligat[ed] to examine its own jurisdiction at all stages of a proceeding and may raise the issue for consideration sua sponte." Matthews v. United States, 72 Fed. Cl. 274, 278 (2006) (citing Wood-Ivey Sys. Corp. v. United States, 4 F.3d 961, 967 (Fed. Cir. 1993); Hurt v. United States, 64 Fed.Cl. 88, 89 (2005)). Rule 12 of the United States Court of Federal Claims permits the court to dismiss an action "if the court determines at any time that it lacks subject-matter jurisdiction." RCFC 12(h)(3).

III. Discussion

    A.    The Court Is Without Jurisdiction to Hear Claims Brought Under the 8th Amendment

Mr. Robinson alleges he has "a recognizable claim for cruel and unusual punishment." Compl. 1, 5, 7. But, the Court of Federal Claims is without jurisdiction to hear claims brought under the Eighth Amendment. Jiron v. United States, 118 Fed. Cl. 190, 199 (2014) (citing Trafny v. United States, 503 F.3d 1339, 1340 (Fed. Cir. 2007). Thus, the court must dismiss Mr. Robinson's Eighth Amendment claim.

    B.    The Court Lacks Jurisdiction to Hear Tortious Claims Against Individuals

Mr. Robinson also contends that certain officials – specifically Burl N. Cain, the Warden of the Correctional Center and Richard Stalders, the Secretary of the Louisiana Department of Corrections, as well as Captain Willie Thomas, Lieutenant Randolph Beauboef, Lieutenant Daniel, and Master Sargent Nelson – were all aware of his health concerns, but they each did very little to improve the condition of his confinement. Compl. 6-9.

The court is without "jurisdiction over claims against individuals." Emerson v. United States, 123 Fed. Cl. 126, 129 (2015). Moreover, the court is without jurisdiction to hear tort-based claims – such as claims of misconduct or malfeasance. Woodson v. United States, 89 Fed. Cl. 640, 649-50 (2009) (dismissing pro se prisoner's tort-based complaint alleging fraud, misconduct, and malfeasance). Accordingly, the court cannot hear Mr. Robinson's claims against the named prison officials.

    C.    Transfer to Federal District Court is Not Proper

When a civil action is filed, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C.A. § 1631 (emphasis added). Transfer may be appropriate if the court finds that: (1) it lacks subject matter jurisdiction; (2) the case could have been brought in the transferee court at the time the

case was filed; and (3) a transfer would serve the interests of justice. Reid v. United States, 95 Fed. Cl. 243, 247 (2010). Discretion lies with the transferor court to determine "if such transfer 'would nevertheless be futile given the weakness of plaintiff's case on the merits.'" Spencer v. United States, 98 Fed. Cl. 349, 359 (2011) (citing Faulkner v. United States, 43 Fed. Cl. 54, 56 (1999) (quoting Siegal v. United States, 38 Fed. Cl. 386, 390 (1997)).

Even if a plaintiff does not request such transfer, the court may consider on its own whether "is it in the interest of justice" to transfer plaintiff's complaint to another court under 28 U.S.C. § 1631. Reid, 95 Fed. Cl. at 250 (denying transfer of pro se prisoner's claim due to the unclear nature of the alleged claims); Riles, 93 Fed. Cl. at 166 (denying transfer of a pro se litigant's case to district court because none of his alleged constitutional claims had any chance of being remedied); Pleasant-Bey v. United States, 99 Fed. Cl. 363, 368 (2011) (denying transfer of a pro se prisoner's claim because it was substantially similar to a case previously filed in the district court).

Mr. Robinson has previously filed an action in the United States District Court for the Middle District of Louisiana making the same claims he makes here. In his action in district court, Mr. Robinson alleged that his ongoing exposure to second hand smoke, as a condition of his confinement, violated his constitutional rights under the Eight Amendment. See Robinson v. Louisiana, et al., No. 05-1016, 2008 WL 4693248, at *1 (M.D. La. Sept. 23, 2008). The district court found that Mr. Robinson failed to show that he had been exposed to unreasonably high levels of environmental tobacco smoke, and granted defendants' motions to dismiss and for summary judgment.[1] Id.

The court finds that a transfer in this case would not serve the interests of justice because neither Mr. Robinson's alleged constitutional claim nor his alleged tort claims have any chance of being remedied in district court. Moreover, Mr. Robinson is effectively challenging in this court the outcome of the action he previously filed in the district court. Thus, Mr. Robinson's claims do not merit transfer.

---

[1] On appeal, the Fifth Circuit found that the district court should not have granted summary judgment for Mr. Kevin Benjamin, one of the named defendants, who allegedly was aware of Mr. Robinson's health concerns. The appellate court remanded the case for the district court's further consideration and, if warranted, additional proceedings against Mr. Benjamin. Robinson v. Louisiana, et. al., 363 Fed. Appx. 307, 308 (5th Cir. 2010). The record is silent as to whether any action has been taken on remand.

IV.     Conclusion

Because Mr. Robinson does not bring claims over which this court has jurisdiction, his Complaint is **DISMISSED**.

IT IS SO ORDERED.

*Patricia E. Campbell-Smith*
PATRICIA E. CAMPBELL-SMITH
Chief Judge